Burton, J.,
delivered the opinion of the court.
On the 28th day of April, 1855, Thomas & Brash-ear, of which firm the defendant in error is surviving partner, obtained a judgment against the plaintiff in *373 error, before a justice of the peace of Perry county, in the sum of $134.56 and costs of Suit.
No step was taken to enforce the collection of this judgment, so far as the record shows, until the 11th day of June, 1872, when the defendant in error Brashear, caused an execution to issue on the judgments, whereupon the plaintilfs in error applied for and obtained a supersedeas of the same, on the allegation that the judgment had been paid and satisfied in full. This issue, made by the petition, was tried by a jury before the Hon. Elija Walker, at the February Term last, 1873, of the Circuit Court of Perry county. The jury found the issue against the petitioner and he has appealed to this court.
His Honor after stating to the jury that the only matter to be inquired of by them, was the question of payment, proceeded as follows: “ The petitioner’s counsel here insists that the law presumed a payment of a bond or judgment after the lapse of sixteen years. The court was not of opinion that the lapse of such a period of time, of itself was sufficient to create the presumption of payment even if the time during the war was computed. The court instructed the jury that after twenty years, the law presumed a payment and satisfaction of the debt.”
In Blackburn v. Squib, decided just fifty years since, it is held that in this State it may safely be left to a jury to say, on the naked fact of time alone, whether they would not presume the debt paid when the bond has been permitted to lie dormant for sixteen years. And a much shorter period will be suffi *374 cient to raise the presumption of payment, when facts are shown to induce a supposition of payment. Peck’s R., (Cooper’s edition), p. 66.
In Thompson v. Thompson, 2 Head, 407, the court after saying that this rule has been often recognized by the court, proceeds as follows: This presumption of payment, like the legal or artificial presumptions, derives from the law a certain technical force and effect which courts and juries cannot disregard.
Instead of being of “ but little force,” as the court said to the jury, the presumption, until rebutted or displaced by evidence, has all the force and .effect of plenary proof of the fact of payment, and the jury are bound so to regard it.
In Yarnell v. Moore & Davis, 3 Col., this rule is applied to a judgment, and it has been held by a court of high authority that satisfaction of a judgment after the lapse of time to create a presumption of payment, is a presumption of law upon the facts, and if there are no facts or circumstances to account for the delay, it is not the duty of the court to submit the question as an open one to the jury: 14 Serg. and R., 15.
It is admitted by the learned counsel of the ap-pellee, that the charge of his Honor is inaccurate. But it is insisted that the error worked no prejudice to the defendant below, because after deducting the time the statute of limitations was suspended on account of the war, sixteen years had not elapsed from the rendition of the judgment until the execution was issued.
*375 In the case of Carter v. Wolfe, 1 Heis., 701, it is said by -the learned Judge who delivered the opinion of the court: “It seems that perhaps the time excluded from computation by the amended Constitution as to the statute of limitations, should by analogy be excluded in ascertaining the presumption of payment.” The point however was not decided by this court in that case, and as will be seen, is stated (hibiianter by the writer of that opinion.
So much of section 4 of the schedule as is pertinent to this question, is in these words: “The time which has elapsed since the 6th of May, 1861, until the 1st of January, .1867, shall not be computed in any case affected by the statutes of limitation.”
It is obvious that this provision of law does not apply in terms to the case in hand. No statute of limitation is a bar to a suit upon a bond or to the issuance of an execution upon a judgment. It is true enough that the presumption of payment from lapse of time has been applied by the courts by analogy to the statutes of limitation, and the same general policy has given use to both. But the constitutional provision which excludes the time from the 6th of May, 1861, to the 1st of January, 1867, is an arbitrary one, and we do not think that any reason or policy exists for extending this enactment beyond its terms. While the courts were closed and civil business suspended by the events of the late civil war, we could not. impute laches to the appellee for failing to collect this debt, and consequently the time during which the courts were so closed should not be com *376 puted as part of the sixteen years requisite to raise the presumption of payment. But it is a fac.t which we judicially know, that the war had closed, the courts were open and civil business was resumed for more than twelve months prior to the 1st of January, 1867, and no reason is perceived why this twelve months should not be looked to and computed in determining whether sufficient time had elapsed to raise the presumption.
This court has judicially determined that when no court was in existence in the State in which a party could prosecute his suit, the statute of limitation would not bar his right: 5 Hum., 611, and by analogy we hold- that the time during which the courts were closed during the war, should be excluded from the time necessary to raise a presumption of payment, and not the time arbitrarily fixed by the constitutional schedule.
It will not escape observation either, that it was agreed in' the case, that Kilpatrick was solvent from the rendition of the judgment up to the issuance of the execution, and it was further agreed that the plaintiffs in the judgment were close collectors; both of which facts are circumstances from which a jury would have been well warranted in presuming that this judgment had been paid in a much shorter period of time than sixteen years : 5 Yer., 97.
It is true, his Plonor was not requested to charge upon the effect of these circumstances, and his failure to do so would not constitute reversible error according to the settled practice of this court, but still the *377 admission of these facts, by the defendant in eror, • is calculated to increase the dissatisfaction of this court with the verdict and judgment rendered in the cause.
Let the judgment be revesred and the cause be remanded for a new trial.